

FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

2011 MAY -5 AM 11: 20

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| SHERI AUGENSTEIN<br>500 Junk Yard Lane<br>Lowell, Ohio 45744<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED DATA CORPORATION<br>13111 Westheimer, 4th Floor<br>Houston, Texas 77077<br><br>Defendant. | CASE No.: 2:11 CV 390<br><br>JUDGE GRAHAM<br>JUDGE<br>MAGISTRATE JUDGE DEAVERS<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Sheri Augenstein, by and through her undersigned counsel, Brian T McElroy, Esquire of McElroy Law, LLC, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Sheri Augenstein, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that Plaintiff resides in the Southern District of Ohio.

## III. PARTIES

4. Plaintiff, Sheri Augenstein, is an adult natural person residing at 500 Junk Yard Lane, Lowell, OH 45744-7393. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Allied Data Corporation at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in the State of Ohio, with primary place of business located at 13111 Westheimer Rd, 4th Floor, Houston, TX 77077.

6. Upon information and belief, Defendant is not an Ohio entity and is not registered as a foreign entity doing business in Ohio.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Starting in December 2010, Plaintiff began receiving daily phone calls from Defendant regarding an alleged debt owed to Seventh Avenue.

2

8. Defendant's calls are normally placed by a female agent, "Ms. Philips."

9. In December 2010, Plaintiff was told that if she did not enter into a payment arrangement with Defendant then her social security benefits would be garnished.

10. In fear that her only source of income would be garnished, Plaintiff reluctantly agreed to pay Defendant $99.99 per month until the balance was paid in full, and Defendant confirmed this agreement in an e-mail dated December 6, 2010. See a copy of the e-mail appended hereto and marked "**EXHIBIT A**".

11. Approximately ten days later, Plaintiff sent an e-mail to an agent of Defendant, "Dave Grimmett" and clearly stated that she could not afford $99 payments and Defendant no longer has permission to remove the funds. See a copy of the e-mail appended hereto and marked "**EXHIBIT B**".

12. Despite Plaintiff's e-mail to Defendant, $99.00 was still removed from her account in December 2010, January 2011, February 2011 and March 2011.

13. On several occasions in the months following December 2010, Plaintiff spoke with agents of Defendant in an attempt to cancel the payment arrangement, but she was always told that Defendant would "call the sheriff on her" if the payments were not made.

14. To date, Plaintiff has received no written correspondence from Defendant containing a thirty day validation notice.

15. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

**COUNT I**
**(Violations of the Fair Debt Collections Practices Act)**
**(15 U.S.C. § 1692,** *et seq.***)**

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(2): Profane language or other abusive language

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

4

| | |
|---|---|
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(4): | Nonpayment of any debt will result in the arrest, imprisonment of any person or the seizure, garnishment, attachment |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692e(11): | Communication fail to contain the mini-Miranda warning |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

### COUNT II
**(Violations of the Ohio Consumer Sales Practices Act ("OCSPA"))**
**(O.R.C. § 1345.01, *et seq.*)**

22. The above paragraphs are hereby incorporated herein by reference.

23. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

24. Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

25. At all times relevant, Defendant was engaged in "consumer transactions" as "suppliers" as defined by O.R.C. § 1345.01(A).

26. O.R.C. § 1345.02 prohibits "suppliers" from using unfair or deceptive practices.

5

27. O.R.C. § 1345.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

28. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

29. Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

30. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

31. Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above citied provisions and as such Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Allied Data Corporation for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

e. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations

and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

    f.    Punitive damages; and

    g.    Such additional and further relief as may be appropriate or that the interests of justice require.

**Respectfully submitted,**

Date: April 15, 2011    BY:    */s/ Brian T. McElroy*

    Brian T. McElroy (0073930)
    McElroy Law, LLC
    1991 Crocker Road
    Gemini I, Suite 600
    Westlake, Ohio 44145
    Phone: (440) 892-3334
    Fax:   (440) 892-3336
    Email: btm@McElroyLawllc.com

    Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

*/s/ Brian T. McElroy*
Brian T. McElroy (0073930)